UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

JOSEPH ALAN STRATTON,            Case No. 09-32319
                                                 Chapter 7 Proceeding
     Debtors.                         Hon. Daniel S. Opperman
_____/
LINDA DOGGETT, as Clerk of the Circuit
Court of Lee County, Florida,

     Plaintiff,

v.                                                                  Adv. Proc. No. 14-3184

SAMUEL D. SWEET,
Chapter 7 Trustee,

     Defendant.
_____/

## OPINION GRANTING PLAINTIFF'S MOTION TO REMAND
## TO STATE COURT–LEE COUNTY CIRCUIT COURT, LEE COUNTY, FLORIDA

### Introduction

Defendant Samuel D. Sweet, Chapter 7 Trustee ("Trustee"), removed this action to this Court on October 30, 2014. Plaintiff Linda Doggett, as Clerk of the Circuit Court of Lee County, Florida ("Lee County Court Clerk") files this Motion to Remand this proceeding back to the state court, specifically, the Circuit Court of Lee County, Florida, where the action originated.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. L.R. 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters

1

concerning the administration of the estate).

The issues in this adversary proceeding arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, -----U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## Facts

Debtor Joseph Stratton was a joint owner in real property with his girlfriend, located in Lee County, Florida, specifically located at 2750 Lakeview Drive, Fort Myers, Florida ("Property"). The mortgagees on this Property foreclosed in May 2007. The taxes were not paid on the Property, and it was sold at tax sale on February 5, 2013. Excess proceeds resulted from the sale, and as a result, the Lee County Court Clerk gave all parties with an asserted interest in the Property notice of the excess proceeds. On March 4, 2014, the Lee County Court Clerk filed an interpleader action seeking a determination of all parties' rights in the excess proceeds.

Debtor had filed for bankruptcy prior to the tax sale on April 30, 2009. Prior to the interpleader action in March 2014, the Trustee had filed an Affidavit of Claim for Tax Deed Sale Surplus Funds with the Tax Deeds Sales Department of Lee County, Florida. On September 18, 2014, the Lee County Circuit Court entered an Order determining that the Trustee, on behalf of Debtor's bankruptcy estate, was entitled to $16,247.73 from the excess proceeds from the tax sale of the Property. However, prior to entry of the September 18, 2014, Order, the Lee County Court Clerk inadvertently paid the full amount of the excess proceeds to Lee County. A dispute thereafter ensued as to whether, under Florida law, certain statutory fines asserted to be owed to Lee County gave Lee County a superior interest in the excess proceeds over the interest of the

2

Trustee. On October 1, 2014, the Lee County Court Clerk filed a motion in the state court to Set Aside the September 18, 2014, Order.

Prior to a decision from the Lee County Circuit Court on this issue, on October 30, 2014, the Trustee removed this case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

The Lee County Court Clerk files this Motion to Remand, asserting that the Trustee failed to timely file the notice of removal, asserting that the notice of removal was filed on October 30, 1014, and pursuant to Federal Rule of Bankruptcy Procedure 9027, such is well beyond 30 days after the Trustee was served with the Interpleader Complaint on March 28, 2014. The Lee County Court Clerk further asserts that the Trustee has removed this case to the wrong court because removal of a case can only be made to the federal District Court for the district and division in which the action is pending pursuant to 28 U.S.C. § 1441. Finally, the Lee County Court Clerk asserts that both mandatory and permissive abstention of this case is appropriate under 28 U.S.C. § 1334(c)(2) and (c)(1), respectively.

## Summary of Legal Authorities

### Timeliness of Removal

Federal Rule of Bankruptcy Procedure 9027(a)(3) states:

> ***(3) Time for filing; civil action initiated after commencement of the case under the Code.*** If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, or a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

### Proper Court for Removal

28 U.S.C. § 1441(a) states:

> (a) Generally.–Except as otherwise expressly provided by Act of Congress, any
> civil action brought in a State court of which the district courts of the United

States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

### Abstention and Remand

The party moving for abstention and remand has the burden of proof. There is a split in authority as to whether abstention under § 1334(c) applies to a case removed under § 1452. *See Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 773-74 (B.A.P. 10th Cir. 1997) (collecting cases and "conclud[ing] that the majority position that abstention applies . . . is correct"); *H.J. Rowe, Inc. v. Sea Products, Inc. (In re Talon Holdings, Inc.)*, 221 B.R. 214, 220 n.4 (Bankr. N.D. Ill. 1998) (collecting cases and questioning whether separate analysis is necessary, given "the overlap between factors bearing on abstention and on remand"). However, the Sixth Circuit has held, without comment, that "[t]he abstention provisions of 28 U.S.C. § 1334(c)(2) apply even though a case has been removed pursuant to 28 U.S.C. § 1452." *Robinson v. Michigan Consolidated Gas Co.,* 918 F.2d 579, 584 n.3 (6th Cir. 1990). Therefore, depending on whether mandatory or permissive abstention is applicable, the Court should analyze the mandatory abstention provision of 28 U.S.C. § 1334(c)(2) (applicable only to related proceedings), and the permissive abstention provision of § 1334(c)(1) (applicable to both core and related proceedings), as well as equitable remand under § 1452(b).

### Permissive Abstention Under 28 U.S.C. § 1334(c)(1)

Section 1334(c)(1) states:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect from State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Under this provision, bankruptcy courts have discretion to abstain from hearing state law causes of action, and remand those causes of action.

The factors to be considered in determining whether permissive abstention is appropriate consist of the following non-exclusive factors: (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on this court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any unusual or other significant factors. *Brothers v. Tremaine (In re Tremaine)*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995); *Underwood v. United Student Aid Funds, Inc. (In re Underwood)*, 299 B.R. 471 (Bankr S.D. Ohio 2003).

### Equitable Remand Pursuant to 28 U.S.C. § 1452(b)

Under § 1452(b), the Court "may remand . . . on any equitable ground." The equitable factors that courts have considered include:

1. duplicative and uneconomical effort of judicial resources in two forums;
2. prejudice to the involuntarily removed parties;
3. forum non conveniens;
4. a holding that a state court is better able to respond to a suit involving questions of state law;

5. comity considerations;

6. lessened possibility of an inconsistent result; and

7. the expertise of the court in which the matter was pending originally.

*Cordes v. Continental Holdings, Inc. (In re Continental Holdings, Inc.)*, 158 B.R. 442, 444 (Bankr. N.D. Ohio 1993) (citations omitted).

## Analysis

The Court rejects the Lee County Court Clerk's first argument that the Trustee's removal was untimely. There is a dispute as to whether the Trustee voluntarily accepted service of the Summons and Complaint in the interpleader action. The Lee County Court Clerk has produced an "Acceptance of Service of Process" document (Plaintiff's Reply Brief, Docket No. 15, Exhibit C), signed by the Trustee, which the Trustee asserts as having no effect because he was not formally involved, and thus he was not properly served until the Motion to Set Aside the September 18, 2014, Order was filed by the Lee County Court Clerk on October 1, 2014.[1] A review of the Register of Actions in that case (Defendant's Exhibit, Register of Actions, Docket No. 9) indicates that a summons was never issued for or served upon the Trustee and/or in the name of the bankruptcy estate, nor is there a proof of service filed to that effect. The legal effect of the Acceptance of Service of Process document is questionable due to the above timing issue, the lack of formal issuance and service of a summons on the Trustee, and the apparent contradictory communications between the respective counsel as to the legal effect that the commencement of the interpleader action had on the Trustee's interests. Thus, the Court

---

[1] The Complaint was filed on March 4, 2014, and the Summons were issued on March 6, 2014 (none of which list issuance on the Trustee on the Register of Actions). The Acceptance of Service signed by the Trustee indicates voluntary acceptance of service as of March 28, 2014, and service on the Lee County Court Clerk's counsel, Steven Carta, on April 9, 2014. This form contains inconsistent time periods for response stating both 20 or 30 days.

concludes that the removal was timely under Federal Rule of Bankruptcy Procedure 9027(a)(3).

The next question raised by the Lee County Court Clerk is whether this case was removed to the proper court. Technically speaking, removal is only appropriately made to the District Court pursuant to the language of 28 U.S.C. § 1441(a). However, the local rule for the Eastern District of Michigan grants jurisdiction to bankruptcy courts to hear all matters under Title 11, arising in or under Title 11 or related to a case under Title 11.[2] The Court could not readily find a similar local rule explicitly stating such in the District Court for the Middle District of Florida, but in many districts, automatic referral to bankruptcy courts is likely

---

[2] Local Rule 83.50 for the District Court for the Eastern District of Michigan provides:

**(a) Matters Referred to the Bankruptcy Judges**

(1) Unless withdrawn by a district judge, all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to bankruptcy judges. The court intends to give bankruptcy judges the broadest possible authority to administer cases and proceedings properly within their jurisdiction.

(2) Under 28 U.S.C. § 157(b)(1), bankruptcy judges will hear and determine all cases under Title 11 and all core proceedings (including those listed in 28 U.S.C. § 157(b)(2)) arising under Title 11, or arising in or related to a case under Title 11, and will enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158.

(3) Bankruptcy judges will hear all the non-core proceedings related to a case under Title 11.

    (A) By Consent. With the parties' express consent, bankruptcy judges may conduct hearings and enter appropriate orders or judgments in the proceeding, subject only to review under 28 U.S.C. § 158.

    (B) Absent Consent. Absent consent of the parties, bankruptcy judges will conduct hearings and file proposed findings of fact and conclusions of law and a proposed order or judgment with the bankruptcy clerk. Bankruptcy judges may also file recommendations for expedited review. The bankruptcy clerk will immediately serve copies on all parties by mail and enter the date of mailing on the docket. Objections to a bankruptcy judge's proposed findings of fact and conclusions of law must be filed as required by Fed. R. Bankr. P. 9033(b) and (c).

implied. Thus, upon removal to the District Court for the Middle District of Florida, the case would be before the Bankruptcy Court for the Middle District of Florida, as it would in this District. A motion to transfer venue brought by the Trustee would thereafter likely be filed to transfer the case to this Court in the interest of justice and for the convenience of the parties. See 28 U.S.C. § 1412. *See also Peterson v. BMI Refractories*, 124 F.3d 1386, 1394 (11th Cir.1997) ("[F]ailure to comply with the geographic requirements of § 1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case."). Thus, in the end, this procedural maneuvering would likely and appropriately land this case back before this Court in the end.

However, because the Court determines that remand of this proceeding is appropriate, the Court need not make a final decision on the issue of whether this case was removed to the proper court. The Court first notes that permissive abstention under 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b) are the applicable statutes. Permissive abstention applies here because the issue involves a core proceeding–a determination of the bankruptcy estate's interest in property and the Trustee's administration thereof. The factors for permissive abstention overwhelmingly favor abstention. The issue remaining in the Lee County Circuit Court is an isolated, post-judgment issue–the application of Florida state tax law concerning statutory fees applicable to the excess proceeds from the tax sale. This is an issue most efficiently heard and determined by the Lee County Circuit Court, as the court having presided over this case from its inception, and having determined the relative interests in the excess proceeds. The determination as to whether those excess proceeds should be reduced by statutory fees is all that remains. After such determination, this Court would be asked to enforce the findings of the Lee County Circuit Court as to the Trustee's interests in the excess proceeds,

which this Court anticipates will occur as soon as possible due to the late stage of the post-judgment state court proceeding when this case was removed to this Court. These findings lead this Court to conclude that eight of the twelve factors, factors (1), (2), (3), (4), (6), (7), (8), and (12), favor permissive abstention. The remaining four factors are neutral.

Additionally, the factors to be considered for equitable remand favor remand under 28 U.S.C. § 1442(b), because remand of this case will return this matter to the Lee County Circuit Court, which is better versed and knowledgeable in this question of state law and the underlying facts and history of this case. The Court also notes the prejudice to the Plaintiff and related parties, other than the Trustee, if this case remains in this District. Finally, many of the permissive abstention factors, as previously analyzed in this Opinion, compel the conclusion that equitable remand is appropriate in these circumstances.

## Conclusion

For the reasons stated in this Opinion, the Court concludes that remand of this case to the Lee County Circuit Court, located in Lee County, Florida, is appropriate. This conclusion is made pursuant to both the permissive abstention statute, 28 U.S.C. § 1334(c)(1), and the doctrine of equitable remand, 28 U.S.C. § 1442(b). The Court directs Plaintiff, as the prevailing party, to prepare and submit an appropriate order.

**Not for Publication**

**Signed on March 23, 2015**

            **/s/ Daniel S. Opperman**
            **Daniel S. Opperman**
            **United States Bankruptcy Judge**